IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

| | |
|---|---|
| JANE DOE 1,<br><br>          Plaintiff,<br><br>v.<br><br><br>PETER B. PRIVATEER and<br>MARCELO A. DESAUTU,<br><br>          Defendants. | CIVIL ACTION FILE NO.<br><br>_____ |

## PLAINTIFF'S MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff Jane Doe 1 moves the Court to allow her to proceed using a pseudonym.  This motion is based on the attached supporting brief and the record.

Respectfully Submitted,


s/George M. Weaver
George M. Weaver                    743150
Attorney for Plaintiff Jane Doe 1


HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
Tel.: (404) 760-1116
Fax: (404) 760-1136
gweaver@hw-law.com


s/Jeffrey A. Shaw
Jeffrey A. Shaw                       557870
Attorney for Plaintiff Jane Doe 1

ATLANTA DREAM CENTER, INC.
652 Angier Ave., NE
Atlanta, GA 30308
(404) 817-3502
jeff@outofdarkness.org

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

| | |
|---|---|
| JANE DOE 1,<br><br>         Plaintiff,<br><br>v.<br><br><br>PETER B. PRIVATEER and<br>MARCELO A. DESAUTU,<br><br>         Defendants. | CIVIL ACTION FILE NO.<br><br>_____ |

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO PROCEED UNDER PSEUDONYM**

**I.  Introduction**

Plaintiff Jane Doe 1 asks the Court to allow her to proceed anonymously by using a pseudonym in the above-captioned case against Defendants Peter B. Privateer and Marcelo A. Desautu.  Precedent allows this protection for a party in the circumstances presented by this case.

**II.  In Appropriate Circumstances, a Party Should be
Allowed to Proceed Under Pseudonym.**

In <u>Plaintiff B v. Francis</u>, 631 F.3d 1310 (11th Cir. 2011), the Eleventh Circuit considered the right of several female plaintiffs to proceed anonymously who alleged they had been sexually exploited as minors by the defendants.  The court explained:

A party may proceed anonymously in a civil suit in federal court by showing that he "has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." In evaluating whether a plaintiff has shown that he has such a right, the court "should carefully review all the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."

Id. at 1315-16 (citations omitted).  The court recognized: "The issues involved in this case could not be of a more sensitive and highly personal nature—they involve descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities." Id. at 1317.

Among the factors which should be considered, according to the court in Plaintiff B v. Francis, are "whether the plaintiffs were minors, whether they were threatened with violence or physical harm by proceeding in their own names, and whether their anonymity posed a unique threat of fundamental unfairness to the defendant." Id. at 1316 (citation omitted).  The Eleventh Circuit held that the district court had erred in giving insufficient consideration to the privacy interests of the plaintiffs in denying their motion to proceed anonymously. Id. at 1319.

### III.  Plaintiff was a Child When Sexually Abused by Defendants.

In Plaintiff B v. Francis, the Eleventh Circuit counted the young age of the plaintiffs at the time of the alleged misconduct of the defendants as supporting the motion to proceed anonymously.  631 F.3d at 1316.  The motion by Jane Doe 1 to

proceed anonymously is supported by even more compelling facts concerning her age.  As noted, Jane Doe 1 was a very young child when sexually abused by Defendants.  She was 12-years-old.  (Complaint ¶¶ 9-15).  Because of their convictions, Defendants will not be able to deny these facts.

### IV.  Plaintiff Faces a Risk of Harm From Disclosure of her Identity.

Another important factor on a motion by parties to proceed anonymously is "whether they were threatened with violence or physical harm by proceeding in their own names."  Plaintiff B v. Francis, 631 F.3d at 1316.  This factor also supports the motion of Jane Doe 1 to proceed using a pseudonym.

Federal and Georgia law protect minors from sexual abuse and sex trafficking.  O.C.G.A. §§ 16-6-12, -14; 16-13-26(3)(B), -30; 18 U.S.C. §§ 1591, 1595.  Moreover, crimes against children can serve as predicate offenses for claims under the Georgia Racketeer Influenced and Corrupt Organizations Act (RICO), O.C.G.A. § 16-14-3; 18 U.S.C. § 1961(1)(B).

It is obvious that sexual exploitation harms children and these harms can persist into adulthood.   In New York v. Ferber, 458 U.S. 747 (1982), which involved child pornography, the Supreme Court noted that "sexually exploited children are unable to develop healthy affectionate relationships in later life, have sexual dysfunctions, and have a tendency to become sexual abusers as adults . . . . [S]exually exploited children [are] predisposed to self-destructive behavior such as

drug and alcohol abuse or prostitution. . . .  When such performances are recorded and distributed, the child's privacy interests are also invaded." Id. at 758 n.9 (citations omitted).  The Supreme Court recognized that "it is the fear of exposure and the tension of keeping the act secret that seem to have the most profound emotional repercussions." Id. at 759 n.10 (citations omitted).

Jane Doe 1 is legitimately concerned about her safety and that of her family, which now includes a child of her own.  Defendants have displayed no respect for the law.  According to the complaint, Jane Doe 1 was sexually abused and trafficked in Georgia by Defendants as a very young child and, moreover, Desautu furnished illegal drugs to her for the apparent purpose of controlling her. Defendants cannot honestly deny these allegations inasmuch as they were convicted and have served time in prison for their crimes against Jane Doe 1. (Complaint ¶¶ 9-26).

Jane Doe 1 has worked hard to attain a normal life.  But she is concerned that, if her identity is publicly disclosed, persons who operate in the world of child prostitution and sex trafficking of children may try to contact her or even stalk her and her family.  The fears of Jane Doe 1 are reasonable and support the granting of this motion.

**V.  Allowing Plaintiff to Proceed Under Pseudonym Would not
     Threaten the Fairness to Defendants or the Public Interest.**

The Eleventh Circuit also prescribed in <u>Plaintiff B v. Francis</u> that a court

should consider whether anonymity of a plaintiff would "pose[] a unique threat of

fundamental unfairness to the defendant."  631 F.3d at 1316.  The court recognized

in that case: "The Defendants are aware of the Plaintiffs' identities and thus are not

barred from conducting a full range of discovery in building a defense for trial.

Accordingly, we conclude that none of the normal harms threatened to defendants

when plaintiffs proceed anonymously are present in this case."  <u>Id</u>. at 1318-19.

In the present case, allowing Jane Doe 1 to proceed using a pseudonym will

not pose a "unique threat of fundamental unfairness" to these Defendants.

Obviously, Defendants will know who Jane Doe 1 is inasmuch as they were

convicted of crimes against her.  And any public interest in this litigation, other

than sheer voyeurism, will not be furthered or enhanced by knowing her identity.

Jane Doe 1's identity is not significant or newsworthy.

If there is any media interest in this litigation, allowing Jane Doe 1 to

proceed under a pseudonym is preferable to closing the courtroom or sealing the

record.  Jane Doe 1 does not seek those additional measures at this time.

Jane Doe 1 does not intend in this litigation to file any materials in court that

disclose her identity.   Allowing her to proceed under a pseudonym properly

balances her need for anonymity against the countervailing interest of the public in

full disclosure. It will also provide other victims with comfort that they can seek appropriate legal redress without fear of disclosure of their identities.

## VI. Conclusion

Jane Doe 1 has shown that the harm from disclosure exceeds any harm from concealment.    Revealing her name would only increase the pain and embarrassment she has suffered and will suffer for the rest of her life from child sexual abuse.  The Court should, therefore, grant this motion and allow Jane Doe 1 to proceed using a pseudonym.

Respectfully Submitted,


s/George M. Weaver_____
George M. Weaver            743150
Attorney for Plaintiff Jane Doe 1

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
Tel.: (404) 760-1116
Fax: (404) 760-1136
gweaver@hw-law.com

s/Jeffrey A. Shaw_____
Jeffrey A. Shaw            557870
Attorney for Plaintiff Jane Doe 1

ATLANTA DREAM CENTER, INC.
652 Angier Ave., NE
Atlanta, GA 30308
Tel.: (404) 817-3502
jeff@outofdarkness.org

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

JANE DOE 1,

       Plaintiff,

    v.

PETER B. PRIVATEER and
MARCELO A. DESAUTU,

       Defendants.

CIVIL ACTION FILE NO.

_____

**ORDER**

The Court has read and considered the Motion of Plaintiff Jane Doe 1 to Proceed Under Pseudonym.  Based on the filings of the parties and the entire record, the motion is granted.

IT IS SO ORDERED, this the _____ day of _____, 201__.


_____
UNITED STATES DISTRICT JUDGE
Northern District of Georgia

Submitted by:

s/George M. Weaver
_____
George M. Weaver      743150
Attorney for Plaintiff Jane Doe 1
HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
Tel.: (404) 760-1116
Fax: (404) 760-1136
gweaver@hw-law.com

- 1 -

s/Jeffrey A. Shaw
_____
Jeffrey A. Shaw                    557870
Attorney for Plaintiff Jane Doe 1
ATLANTA DREAM CENTER, INC.
652 Angier Ave., NE
Atlanta, GA 30308
Tel.: (404) 817-3502
jeff@outofdarkness.org