**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **JANE DOE 1,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **CIVIL ACTION FILE NO.** |
| | * | **1:16-cv-04763-ELR** |
| **PETER B. PRIVATEER and** | * | |
| **MARCELO A. DESAUTU,** | * | |
| | * | |
| **Defendants.** | * | |

<u>**DEFENDANT PRIVATEER'S ANSWER**</u>

**COMES NOW,** Peter Privateer (hereinafter "Defendant"), by
and through counsel, and files this his Answer and formal
response to Plaintiff's Complaint, respectfully showing as
follows:

<u>First Defense</u>

Plaintiff's Complaint, in whole or in part, fails to state
a claim upon which relief can be granted.

<u>Second Defense</u>

Defendant is not liable to Plaintiff under any theory of
liability.

<u>Third Defense</u>

Pursuant to the specific wording, averments and allegations expressly set forth in Plaintiff's Complaint, she is not entitled to recover any damages under any facts or legal theories.

<u>Fourth Defense</u>

Defendant affirmatively and expressly preserves and alleges any and all defenses pertaining to improper venue and lack of jurisdiction.

<u>Fifth Defense</u>

Plaintiff's complaint must be dismissed as all the claims are barred by res judicata and/or collateral estoppel.

<u>Sixth Defense</u>

Plaintiff's claims are barred by the applicable statute of limitations.

<u>Seventh Defense</u>

Defendant affirmatively raises and expressly preserves the defenses of Release, Waiver and Estoppel.

## Eighth Defense

Plaintiff's complaint should be dismissed due to Accord and Satisfaction of the relevant issues between the parties.

## Ninth Defense

Plaintiff's claims are all barred by equity.

## Tenth Defense

Plaintiff's claims are barred by the doctrine of consent, waiver, release, justification, license, laches, unclean hands, after-acquired evidence and/or other additional defenses that may or could arise during the proceedings.

## Eleventh Defense

Defendant asserts and avers that any liability, fault or negligence found by the trier of fact must be apportioned between parties and/or non-parties.

## Twelfth Defense

Defendant has at all times acted in accordance with and in good faith compliance with federal and state law. Defendant Privateer has neither intentionally nor willfully violated plaintiff's rights in any manner, nor acted maliciously, negligently, or with reckless disregard or any harm with respect

to Plaintiff. At no time has Defendant acted with any intent to injure or otherwise cause harm to plaintiff.

### Thirteenth Defense

Defendant has at all times acted in accordance with and in good faith compliance with federal and state law. Defendant Privateer has neither intentionally nor willfully violated plaintiff's rights in any manner, nor acted maliciously, negligently, or with reckless disregard or any harm with respect to Plaintiff. At no time has Defendant acted with any intent to injure or otherwise cause harm to plaintiff.

### Fourteenth Defense

Defendant asserts and avers that all of Plaintiff's alleged damages were caused by the unforeseen and intervening acts or omissions of persons or entities other than Defendant, including but not limited to, the co-Defendant Marcelo Desautu and others.

### Fifteenth Defense

Any damages that Plaintiff may have suffered were the direct and proximate result of the actions or inactions of the co-defendant Desautu, for whom Defendant is not liable under any theory of law.

<u>Sixteenth Defense</u>

Plaintiff's claims and theories of recovery must fail due to her failure to mitigate her alleged damages.

<u>Seventeenth Defense</u>

Defendant asserts and avers defenses based on Plaintiff's own contributory negligence, assumption of the risk and failure to exercise ordinary care, i.e., Plaintiff's claims are barred to the extent that she failed to take reasonable measures to avoid the consequences alleged to have been cause by Defendant and, therefore, any actual damages were caused by her own actions or inactions.

<u>Eighteenth Defense</u>

Plaintiff, by her own acts and conduct, has waived any and all claims alleged in the Complaint.

<u>Nineteenth Defense</u>

Plaintiff is barred from seeking the relief requested in the Complaint, or any other relief, because Plaintiff voluntarily consented, expressly or impliedly, and knowingly participated in any such acts or alleged violations as may be shown on the part of Defendant.

## Twentieth Defense

Plaintiff's claims and/or recovery, if any, should be denied and/or reduced by her own negligence or fault, or the negligence or fault of others, to the extent permitted by the applicable law.

## Twenty-first Defense

Plaintiff's alleged injuries, losses or damages allegedly sustained by plaintiff are not a direct result, not a natural and probable result, of any act or omission alleged in the Complaint. Other reasons and causes beyond the control of Defendant were the proximate cause of the alleged injuries to plaintiff.

## Twenty-Second Defense

In the event that any person or entity other than Defendant, including but not limited to the Co-Defendant Desautu, is held liable for any of the damages or injuries alleged in the Complaint, Defendant is not vicariously liable for the acts or omissions of any such person(s).

## Twenty-Third Defense

Plaintiff's RICO allegations fail to state a claim pursuant to 18 USC § 1961(1)(b) and O.C.G.A § 16-14-3 for numerous reasons, including but not limited to the following: (a) Plaintiff has failed to allege an "enterprise" within the meaning of 18 USC § 1961(4) and O.C.G.A. § 16-14-3(3), or as otherwise required; (b) To the extent plaintiff has alleged such a RICO enterprise,

plaintiff has failed to allege a "pattern of racketeering activity" within the meaning or 18 USC § 1961(5) and O.C.G.A. § 16-14-3(4); (c) To the extent plaintiff has alleged such a RICO enterprise, the alleged RICO enterprise cannot constitute a RICO enterprise as a matter of law; (d) To the extent plaintiff has alleged such a RICO enterprise, plaintiff has not alleged facts sufficient to establish that Defendant conducted such enterprise; (e) Plaintiff has failed to allege facts sufficient to establish a RICO injury; (f) Plaintiff has failed to sufficiently allege any predicate acts on the part of Defendant; and (g) Plaintiff has failed to sufficiently allege any proximate causation link between her alleged injuries and any acts or omissions on the part of Defendant.

## Twenty-Fourth Defense

Plaintiff has failed to state a claim under 18 USC § 1962(d) and O.C.G.A. § 16-14-4(c) for numerous reasons, including but not limited to the following: (a) Plaintiff has failed to identify any agreement to commit predicate acts involving the Defendants, or the place, date, time or substance of such agreement; (b) Plaintiff has failed to identify each of the Defendants' role in the alleged conspiracy; and (c) Plaintiff has failed to adequately plead a claim pursuant to 18 USC § 1962(d) and O.C.G.A. § 16-14-4(c).

### Twenty-Fifth Defense

Plaintiff has failed to adequately, legally and properly plead a claim under the Georgia RICO Act O.C.G.A. § 16-14-1 et seq. and/or the Federal RICO Act.

### Twenty-Sixth Defense

Plaintiff has failed to adequately, legally and properly plead a claim under 18 U.S.C. § 1591.

### Twenty-Seventh Defense

Plaintiff's claims under RICO (state and/or federal) must fail as Defendant was not a culpable person, or manager, who knowingly or willfully committed or conspired to commit racketeering activity through a pattern, over a substantial period of time, involving an enterprise or association in fact that affected interstate or foreign commerce.

### Twenty-Eight Defense

Plaintiff's claims under RICO (state and/or federal) must fail because: (a) Plaintiff was not the intended target of Defendants' alleged conduct, (b) Plaintiff's alleged injuries were not cause by the alleged, if any, predicate acts and (c) Defendant's acts or alleged acts were not the proximate cause of Plaintiff's alleged injuries or damages, which were not

foreseeable, otherwise speculative and not actionable under RICO.

Responding to the specific numbered paragraphs and statements in Plaintiff's complaint, Defendant responds specifically herein to the corresponding paragraphs as follows:

JURISDICTION AND VENUE

1.

The allegations of Paragraph 1 of the Complaint are denied.

2.

The allegations of Paragraph 2 of the Complaint are denied.

PARTIES

3.

Defendant has no knowledge of any of the facts asserted in Paragraph 3, therefore, it is denied.

4.

Defendant admits that he resides at the address stated in Paragraph 4, all other portions of the facts asserted in such paragraph are denied.

5.

Defendant has no knowledge of any of the facts asserted in paragraph 5, therefore, it is denied.

6.

Defendant has no knowledge of any of the facts asserted in paragraph 6, therefore, it is denied.

7.

Defendant denies the allegations of paragraph 7.

8.

Defendant has no knowledge of any of the facts asserted in paragraph 8, therefore, it is denied.

9.

Defendant denies the allegations of paragraph 9.

10.

Defendant denies the allegations of paragraph 10.

11.

Defendant denies the allegations of paragraph 11.

12.

Defendant denies the allegations of paragraph 12.

13.

Defendant has no knowledge of any of the facts asserted in paragraph 13, therefore, it is denied.

14.

Defendant has no knowledge of any of the facts asserted in paragraph 14, therefore, it is denied.

15.

Defendant has no knowledge of any of the facts asserted in paragraph 15, therefore, it is denied.

16.

Defendant denies the allegations of paragraph 16.

17.

Defendant denies the allegations of paragraph 17.

18.

Defendant denies the allegations of paragraph 18.

19.

Defendant denies the allegations of paragraph 19.

20.

Defendant denies the allegations of paragraph 20.

21.

Defendant has no knowledge of any of the facts asserted in paragraph 21, therefore, it is denied.

22.

Defendant denies the allegations of paragraph 22.

23.

Defendant denies the allegations of paragraph 23.

24.

Defendant denies the allegations of paragraph 24.

25.

Defendant denies the allegations of paragraph 25.

26.

Defendant has no knowledge of any of the facts asserted in paragraph 26, therefore, it is denied.

27.

Defendant denies the allegations of paragraph 27.

COUNT I

ALLEGED RICO VIOLATIONS

28.

Defendant denies the allegations of paragraph 28.

29.

Defendant denies the allegations of paragraph 29.

30.

Defendant denies the allegations of paragraph 30.

31.

Defendant denies the allegations of paragraph 31.

32.

Defendant denies the allegations of paragraph 32.

33.

Defendant denies the allegations of paragraph 33.

34.

Defendant denies the allegations of paragraph 34.

35.

Defendant denies the allegations of paragraph 35.

COUNT II

ALLEGED VIOLATION OF U.S. TRAFFICKING VICTIMS PROTECTION
ACT

36.

Defendant denies the allegations of paragraph 36.

37.

Defendant denies the allegations of paragraph 37.

General Denial

Any allegations, facts, statements, averments or the like, made by Plaintiff and not responded to or addressed above is/are hereby denied; Defendant denies any liability whatsoever to Plaintiff, or any other party, and/or any legal responsibility for any of Plaintiff's alleged damages, including, but not limited to, any treble damages, punitive damages and/or attorney's fees, interest, and/or court costs.


Having fully answered Plaintiff's complaint, Defendant prays that he be legally discharged from any liability in this

case, judgment in his favor and all costs cast against

Plaintiff.

Respectfully submitted,

s/Steven Berne
STEVEN P. BERNE
ATTORNEY FOR PETER PRIVATEER
GEORGIA BAR NO. 055020

One Midtown Plaza
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
(404) 881-5335

s/Andrew Fernandez
R. ANDREW FERNANDEZ
ATTORNEY FOR PETER PRIVATEER
GEORGIA BAR NO. 259167

3 Corporate Blvd
Suite 250
Atlanta, Georgia 30329
(404) 320-0088
AFernandez@peralesfernandez.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Courier New font, 12 point type.

## CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsels of record in this case a copy of the foregoing document via the Electronic Case Filing system of the United States District Court for the Northern District of Georgia.


This ___30_____ day of _____January_____, 2017.



Respectfully submitted,


s/Steven Berne_____
STEVEN P. BERNE
ATTORNEY FOR PETER PRIVATEER
GEORGIA BAR NO. 055020

One Midtown Plaza
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
(404) 881-5335
atlantalaw@bellsouth.net