**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

|  |  |  |
|---|---|---|
| JANE DOE 1, | * | |
| Plaintiff, | * | |
| v. | * | 1:16-CV-04763-ELR |
| PETER B. PRIVATEER and MARCELO A. DESAUTU, | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is Plaintiff's Motion to Proceed under Pseudonym "Jane Doe 1." (Doc. No. 4.) For the following reasons, the Court grants Plaintiff's Motion.

## I.   Background

As alleged in the Complaint, Defendants Peter B. Privateer and Marcelo A. Desautu sexually abused Plaintiff Jane Doe 1 when she was twelve years old. More specifically, Plaintiff alleges that Defendants coerced her into numerous acts of prostitution and furnished her drugs. Defendants are currently serving lengthy prison sentences for those criminal activities. In the present action, Plaintiff brings

civil claims against Defendants pursuant to the Trafficking Victims Protect Act, 18 U.S.C. § 1591, *et seq.*, and Georgia's Racketeer Influenced and Corrupt Organizations Act, O.C.G.A. § 16-14-1, *et seq.* Now, Plaintiff moves to proceed under the Pseudonym Jane Doe 1, rather than her actual name.

## II.   Discussion[1]

Federal Rule of Civil Procedure 10 requires a complaint to "include the names of all parties." This requirement helps protect "the public's legitimate interest in knowing all of the facts involved, including the identities of the parties." Doe v. Frank, 951 F.2d 320, 322 (11th Cir. 1992) (citation omitted). A plaintiff may proceed anonymously in exceptional cases only. Id.

A party may proceed anonymously by showing "a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'" Id. at 323 (quotation omitted). The first step in analyzing a plaintiff's claim of a substantial privacy right looks to three factors: (1) does a plaintiff challenge a government activity, (2) must a plaintiff disclose intimate information, or (3) must a plaintiff admit their intention to engage in illegal conduct and thus risk criminal prosecution. Plaintiff B v. Francis, 631 F.3d 1310, 1316 (11th Cir. 2011) (citing S. Methodist Univ. Ass'n of Women Law

---

[1] At the outset, the Court notes that Defendant Privateer's response to Plaintiff's motion is untimely, and Defendant Desautu has not responded. Nevertheless, the Court looks to the merits of the parties' arguments.

Students v. Wynne & Jaffe, 599 F.2d 707, 713 (5th Cir. 1979)). None of these factors are dispositive, and the presence of one may be sufficient to show a substantial privacy right. Id.

Next, courts consider other contextual facts in analyzing the privacy interest of the plaintiff. For example, Courts look to whether a plaintiff was a minor at the time, the potential harm to a plaintiff in losing her anonymity, and whether the plaintiff's anonymity poses a unique threat of prejudice to the defendants. Id. In sum, a court carefully reviews "all the circumstances of a given case and then decides whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." Id.

In Plaintiff B, for example, the Eleventh Circuit found that a plaintiff's allegations that Defendants coerced them into sexual conduct while they were minors involved "intimate information" because such matters "could not be of a more sensitive and highly personal nature." Id. at 1317. The Court went on to hold that given the sexual misconduct alleged, the plaintiffs faced a risk to their "widespread public reputation" if anonymity were not maintained. Id. Finally, the Court reasoned that the defendants could not show any prejudice from plaintiffs' anonymity since one of the defendants pled guilty to the underlying conduct, and defendants already knew of the plaintiffs' identity. Id. at 1318–19. Given these

circumstances, the Eleventh Circuit held that the district court abused its discretion by denying the plaintiff's motion to proceed anonymously. Id. at 1316.

Here, the Court finds that Plaintiff has shown a substantial privacy right that outweighs the presumption of openness in judicial proceedings for similar reasons as in Plaintiff B. First, this case involves intimate information of a sensitive and highly personal nature. Plaintiff alleges that, while she was a minor, Defendants coerced her into numerous acts of prostitution and furnished her drugs. See also Doe v. St. John's Episcopal Parish Day Sch., Inc., 997 F. Supp. 2d 1279, 1290 (M.D. Fla. 2014) (holding that a plaintiff's allegations of sexual abuse while a minor was of a sensitive and highly personal nature). Second, the Court finds that Plaintiff faces harm in losing anonymity given her reputational concerns in employment and in her continuing education. Although Defendants argue that Plaintiff's name is already available publicly on Grand Jury charges and sentencing documents in Defendants' related criminal proceedings, the Court is not persuaded given that Plaintiff has now changed her name. Third, Defendants have not shown any risk of prejudice from Plaintiff's anonymity because they already know her identity from their criminal prosecutions arising out of the same misconduct alleged here. See Plaintiff B, 631 F.3d at 1318–19.

4

## III.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion to Proceed under Pseudonym "Jane Doe 1." (Doc. No. 4.) The Court **DIRECTS** the Clerk to **SEAL** the portions of Exhibit B attached to Defendant Privateer's Response in Opposition to Plaintiff's Motion that list Plaintiff's name. (Doc. No. 12-2 at 2–3.)

**SO ORDERED**, this 11th day of April, 2017.

Eleanor L. Ross
United States District Judge
Northern District of Georgia